```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          LEXINGTON DIVISION


IN RE:

JEFFREY T. MILLER                              CASE NO. 09-53648
D/B/A GREENVIEW CONSTRUCTION, INC.

DEBTOR                                         CHAPTER 7

ERIK DANIELS                                   PLAINTIFF

v.                                             ADV. NO. 10-5024

JEFFREY T. MILLER
D/B/A GREENVIEW CONSTRUCTION, INC.             DEFENDANT
```

### MEMORANDUM OPINION

This adversary proceeding having come before the Court, with trial briefs submitted by the Plaintiff Erik Daniels [Doc. 13] and the Defendant Jeffrey T. Miller [Doc. 14], and the parties having presented their arguments and agreeing that the matter be submitted on the record for the a decision by this Court [Doc. 17], the Court hereby issues the following findings of fact and conclusions of law.

### Facts

1. The Plaintiff Erik Daniels contracted with the Defendant Jeff Miller d/b/a Greenview Construction on August 16, 2007 to build the Plaintiff a new home at 2056 Polk Lane, Lexington, Kentucky.

2. The Plaintiff paid the Defendant $8,000 in earnest money.

3. The parties agreed that the closing on the property would occur on November 1, 2007.

4. The closing date was rescheduled several times. At some point around the time of one of the closing dates, mechanics and materialman's liens were filed against the property at 2056 Polk Lane,

Lexington, Kentucky.

    5.  On November 1, 2007, the Defendant gave the Plaintiff a check for $8,000.  The check was returned for insufficient funds.

    6.  A certificate of occupancy was issued on December 21, 2007, by the Director of Building Inspection.

    7.  The Defendant instructed the Plaintiff to move into the property and the Plaintiff's fiancé and child did so.

    8.  The parties never closed on the home and the Plaintiff's fiancé and child moved out.

    9.  Based on the foregoing, the Plaintiff sued the Defendant in the Fayette Circuit Court, Civil Action No. 08-CI-2454, alleging fraud.

    10.  The Defendant did not answer the state court complaint and a default judgment was granted.

    11.  A hearing on damages was held without the Defendant's presence.  The Plaintiff's mother, Carmen Daniels, was the only witness who testified.

    12.  On November 10, 2008, the Fayette Circuit Court granted the Plaintiff $8,000 in compensatory damages, $24,000.00 in punitive damages for fraud, and attorneys fees in the amount of $2,215.24 plus interest at 12%.

    13.  The Defendant filed for Chapter 7 bankruptcy on November 17, 2009.

    14.  The Plaintiff subsequently filed this adversarial proceeding on February 19, 2010, seeking to avoid discharge of the debt owed by the Defendant to the Plaintiff pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).

**<u>Conclusions of Law</u>**

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).

The issue in this proceeding is whether the default judgment entered by the Fayette Circuit Court on November 10, 2008, is preclusive as to the issue of fraud such that the Plaintiff's debt is not dischargeable in the Defendant's Chapter 7 bankruptcy pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).  The Plaintiff's position is that the state court default judgment bars the Defendant from relitigating the issue of fraud in this Court and thus the debt owed by the Defendant to the Plaintiff may not be discharged [Doc. 13]. The Defendant counters that the state court default judgment does not have preclusive effect and thus this court cannot make a determination on non-dischargeability [Doc. 14].

Pursuant to 11 U.S.C. § 523(a)(2)(A), a debt owed by a debtor is not dischargeable in the debtor's bankruptcy where the debt is obtained by "false pretenses, a false representation, or actual fraud..."  A debt owed by a debtor is also non-dischargeable in accordance with 11 U.S.C. § 523(a)(6) where the debt is "for willful and malicious injury by the debtor to another entity or to the property of another entity."  The parties agree that the requirements for demonstrating that a debt is non-dischargeable pursuant to 11 U.S.C. 523(a)(2)(A) are the same as those for establishing common law fraud in Kentucky.

The only evidence of fraud presented by the Plaintiff is the default judgment against the Defendant entered by the Fayette Circuit

3

Court on November 10, 2008. The four pre-requisites to the application of collateral estoppel are: (1) a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (2) the issue was actually and directly litigated in the prior suit and must have been necessary to the final judgment; (3) the issue is identical to the issue in the prior suit; and (4) the party against whom estoppel is sought was a party or in privity with the party to the prior action. Sill v. Sweeney (In re Sweeney), 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002).[1]

In Sill, the issue before the B.A.P was whether a default judgment for fraud was a judgment on the merits actually litigated in the underlying state court action. The B.A.P. held that a default judgment must contain express findings of fact and conclusions of law to be given preclusive effect in subsequent litigation between the parties. Id. at 194. According to the B.A.P., "the court being asked to give preclusive effect to a default judgment in a subsequent litigation must have some reliable way of knowing that the decision was made on the merits. The best evidence would be findings of fact and conclusions of law by the court entering the default judgment." Id.

The default judgment entered by the Fayette Circuit Court, attached to the Defendant's Trial Brief [Doc. 14], merely states that the Court, after "having reviewed the pleadings and having held a hearing regarding damages," and the Defendants "having filed no answer

---

[1] The 6th Circuit B.A.P. looked to Ohio law to determine the pre-requisites for application of collateral estoppel. Kentucky's prerequisites are the same. Moore v. Cabinet for Human Resources, 954 S.W.2d 317 (Ky. 1997).

4

and made no objections in writing or in person,...finds that the Defendant committed fraud upon the Plaintiff." The state court default judgment is devoid of any findings of fact or conclusions of law. As such, there is no reliable way for this Court to determine whether the judgment of fraud was made on the merits.

Furthermore, the Kentucky Supreme Court has recently reiterated that a default judgment is not a judgment on the merits. <u>Five Star Lodging, Inc v. George Construction, LLC</u>, 2010 Ky. App. LEXIS 141 (Ky. App. July 30, 2010 (*citing* <u>Buis v. Elliott</u>, 142 S.W.3d 137, 139-140 (Ky. 2004))(to be published).

Because the state court default judgment contains no findings of fact or conclusions of law and the Kentucky Supreme Court has declined to view a default judgments as a judgment on the merits, the state court default judgment does not have preclusive effect on the issue of fraud.

As the only proof being offered by the Plaintiff in this proceeding is the state court default judgment, and the default judgment does not have preclusive effect for the reasons stated herein, the Plaintiff has not presented sufficient evidence for this Court to find that the Defendant's debt to the Plaintiff should not be discharged pursuant to 11 U.S.C. 523(a)(2)(A) and 523(a)(6).

This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law. A separate order shall be entered accordingly.

COPIES TO:

Ginger Cord, Esq.
Richard Rawdon, Esq.

5

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joe Lee*
**Bankruptcy Judge
Dated: Friday, September 17, 2010
(jms)**